## SUCHOCKI v. CALUMET INSURANCE CO.

APPEAL AND ERROR—BILL OF EXCEPTIONS—AMENDMENT.

> On a motion to amend a bill of exceptions accompanied by a showing that the circuit judge required an exhibit to be attached which had been omitted by counsel, the amendment may be granted.

Assumpsit by Wladislaus Suchocki against the Calumet Insurance Company on a policy of insurance: On motion of defendant to amend the bill of exceptions. Submitted July 6, 1909. (Calendar No. 23,457.) Motion granted July 15, 1909.

*Russel, Campbell, Bulkley & Ledyard*, for the motion.

*Dohany & Dohany, contra.*

OSTRANDER, J. This is a motion made by the appellee to compel the plaintiff and appellant to add to the return to the writ of error and to the printed record a bill of sale, copy of which is attached to the motion. In the court below a verdict was directed for the defendant. It was directed because the bill of sale in question had been given by the plaintiff and his wife after the policy was issued, and before the fire; it being a conveyance of some of the insured property to secure the payment of a loan. When the bill of exceptions was presented for settlement, counsel for appellee objected to its settlement unless the bill of sale was included. Counsel for both parties were heard upon the subject, and the circuit judge refused to sign the bill of exceptions unless said bill of sale was incorporated therein. Thereupon counsel for the appellant agreed to incorporate the bill of sale in the bill of exceptions, relying upon which the circuit judge, in his certificate to the bill of exceptions, employed the words:

"With entire Exhibit D attached"—meaning, and counsel could not have misunderstood it, the bill of sale and the affidavit attached thereto. The record has been brought into this court by the writ of error, and has been printed. The said bill of sale does not appear in the return or in the printed record. An affidavit which was attached to a copy of the bill of sale, and which was marked "Exhibit D" by the stenographer in the court below does appear in the printed record, and it is claimed that the agreement of counsel to attach all of Exhibit D to the bill of exceptions has been performed by attaching the affidavit. It is true that the bill of sale to which the affidavit was attached was marked in the court below "Exhibit B," and that the plaintiff, upon its being exhibited to him, declined to admit that it was an instrument executed by himself, but did admit his signature to the affidavit marked "Exhibit D" attached to the said instrument.

The merits of the case are not before us. We are satisfied that the bill of exceptions returned to this court and printed is not the bill of exceptions which the circuit judge settled. We are satisfied, also, that counsel for the appellant understood that in using the term "Exhibit D" in the certificate to the bill of exceptions the court meant, not the affidavit alone, but the affidavit and the bill of sale to which it was attached.

The motion is granted, with costs.

HOOKER, MOORE, MCALVAY, and BROOKE, JJ., concurred.