SUCHOCKI *v.* CALUMET INSURANCE CO.

APPEAL AND ERROR—BILL OF EXCEPTIONS—AMENDMENTS.

> The amendment of a bill of exceptions to include an omitted bill of sale on the order of the Supreme Court (*Suchocki* v. *Insurance Co.*, 158 Mich. 62 [122 N. W. 216]), in an action on an insurance policy wherein a verdict was directed in favor of the defendant on the ground that the plaintiff conveyed the insured property by bill of sale to secure a loan, is conclusive of the question whether or not the bill of sale was introduced in evidence.

Error to Wayne; Rohnert, J.  Submitted October 14, 1909.  (Docket No. 104.)  Decided December 10, 1909.

Assumpsit by Wladislaw Suchocki against the Calumet Insurance Company on a policy of insurance.  A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on writ of error.  Affirmed.

*Dohany & Dohany*, for appellant.

*Russel, Campbell, Bulkley & Ledyard*, for appellee.

MOORE, J.  The following statement of facts is taken from the brief of appellant:

" On the 27th day of June, 1906, appellant was engaged in the saloon business in the city of Detroit, and on that date secured a policy of insurance in the sum of $1,500 from the appellee, covering his stock in trade, fixtures, and household furniture.  On January 2, 1907, a fire occurred, and all of his stock, furniture, and fixtures were destroyed.  Appellant brought this action on said policy, and the principal defense urged by appellee and upon which the court directed a verdict in appellee's favor, was that appellant had, after the issuance of said policy, given a bill of sale, in the nature of a chattel mortgage on a portion of the property covered by the policy of insurance, for the sum of $70."

The only error assigned is that the court erred in directing a verdict in favor of defendant and against the plaintiff, of no cause of action, on the ground that "there was a bill of sale given, apparently from the testimony of witnesses, to secure the repayment of a loan on the property covered by the policy of insurance, on which at the time of the fire there was $40 due."

Counsel say the instrument upon which the trial judge directed a verdict was not offered and received in evidence. That contention was before us in *Suchocki* v. *Insurance Co.*, 158 Mich. 62 (122 N. W. 216), where it was ordered that an addition to the return of the writ of error and to the printed record should be made by adding thereto a copy of the bill of sale. This additional return disposes of the contention of counsel stated above.

The judgment is affirmed.

BLAIR, C. J., and GRANT, McALVAY, and BROOKE, JJ., concurred.